(22 Misc. Rep. 41.)

### SALISBURY et al. v. WASHINGTON COUNTY.

(Supreme Court, Special Term, Washington County.   December 13, 1897.)

COUNTIES—LIABILITIES—MOB VIOLENCE.
Under Gen. Laws 1892, c. 17, § 21, providing a remedy against a county for the destruction or injury to property therein by a mob, where plaintiffs failed to prove, as required by the statute, that they notified the sheriff of the county "of a threat or attempt to destroy or injure" their property "immediately upon acquiring such knowledge," or that they did not have such knowledge until the property was injured, and failed to prove that they brought their action "within three months after the damages were sustained," they could not recover.

Action by Horace Salisbury and others against the county of Washington.    Motion by defendant to set aside verdict, and for new trial. Granted.

Robert O. Bascom (O. A. Dennis, of counsel), for the motion.
Ostrander & Salisbury, opposed.

McLAUGHLIN, J.   The plaintiffs' right to recover is based upon the provisions of section 21, c. 685, Laws 1892 (Gen. Laws, c. 17), which reads as follows:

"A city or county shall be liable to a person whose property is destroyed or injured therein by a mob or riot, for the damages sustained thereby, if the consent or negligence of such person did not contribute to such destruction or injury, and such person shall have used all reasonable diligence to prevent such damage, shall have notified the mayor of the city, or the sheriff of the county, of a threat or attempt to destroy or injure his property by a mob or riot, immediately upon acquiring such knowledge, and shall bring an action therefor within three months after the damages were sustained."

Under this statute, to entitle a plaintiff to recover he must allege in his complaint and prove upon the trial:   (1) That the damages for .which a recovery is sought were occasioned by a mob or riot; (2) without his consent or negligence; (3) that he used all reasonable diligence to prevent such damage; (4) that he notified the mayor of the city, or sheriff of the county, of a threat or attempt to destroy the property injured, immediately upon acquiring such knowledge; (5) the commencement of the action within three months after the damages were sustained.

The plaintiffs in this action, appreciating the force of the above-mentioned statute, set out these necessary allegations in their complaint.    Did they prove them upon the trial?    After a careful examination of all of the evidence offered, I am satisfied that they failed in at least two particulars:   (1) They failed to prove that they notified the sheriff of the county of a threat or attempt to destroy their property, immediately upon acquiring such knowledge, or that they

did not have such knowledge until the property was injured. (2) They failed to prove that they brought their action within three months after the damages were sustained. From anything that appeared on the trial, these plaintiffs may have had knowledge of the contemplated attack sometime prior thereto; and if they did, and failed to disclose it to the sheriff of the county, then, under the wording of the statute, they were not entitled to recover. The other ground named is equally fatal to a recovery. The provisions of the statute as to bringing the action within three months after the damages are sustained is connected with and made a part of the other requirements of the section. It is a condition precedent to a recovery.

For these reasons I think the motion must be granted.